**Dr. Rosalina RAMOS PADRO, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

**Civil No. 95–1770(HL).**

United States District Court, D. Puerto Rico.

June 15, 2000.

Judith Berkan, Rio Piedras, PR, for Rosalina Ramos–Padro.

Judith Berkan, Rio Piedras, PR, Suzanne B. Goldberg, Lambda Legal Defense and Educational Fund, Inc., New York City, Colleen Meenan, New York City, for Gay Officers Action League.

Russell A. Del–Toro, Del Toro & Santana, U.S. Dept. of Justice, San Juan, PR, for Pedro A. Toledo–Davila.

John M. Garcia–Nokonechna, Garcia & Fernandez Law Offices, Hato Rey, PR, for Eric Serrano–Gonzalez, Carlos Haddock.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is Plaintiffs' motion for attorneys' fees and costs. Plaintiffs are Dr. Rosalina Ramos Padró ("Ramos"), Carroll Hunter, Thomas Jeans, and the Gay Officers Actions League ("GOAL").

Defendants are the Commonwealth of Puerto Rico and Pedro Toledo, the superintendent of the Puerto Rico Police Department.[1] Plaintiffs brought this action for declaratory, injunctive, and monetary relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments. One of their claims was for a declaratory judgment that the Puerto Rico Police Department's internal regulation number 29 ("Regulation 29") was unconstitutional. In addition to their challenge to Regulation 29, Plaintiffs brought other claims seeking monetary relief for police conduct in February 1995 and June 1996 which they claim violated their constitutional rights.

Following extensive discovery on these issues, the parties submitted a flurry of motions for summary judgment on all of the claims. On September 30, 1998, the Court issued a series of opinions and orders resolving these motions. In the Regulation 29 claim, the Court ruled in favor of Plaintiffs and declared that the regulation was unconstitutional because it unduly encroached upon GOAL's First Amendment associational rights.[2] The Court entered summary judgment dismissing some of the other claims, and the parties ultimately settled the remaining claims.

Defendants moved to alter the Court's partial judgment entered on the Regulation 29 claim.[3] The Court denied the motion.[4] Pursuant to a status conference held shortly after the Court had resolved these dispositive motions, the Court ordered Toledo to take affirmative steps to bring the Police Department's regulations into compliance with the Court's order finding the regulation to be unconstitutional.[5] Defendants filed a revised version

---

1. Other members of the Police Department were also named as defendants. However, Toledo and the Commonwealth are the only two defendants with an interest in the present motion for fees and costs. The phrase "Defendants" shall be used in this opinion and order to refer only to these two parties.

2. Docket nos. 205 & 206.

3. Docket no. 213.

4. Docket no. 221.

5. Docket no. 216.

of regulation for the Department.[6] This revised version, however, contained ambiguous language that risked setting off another round of litigation. The Court responded by amending the partial judgment entered on this issue and permanently enjoining Toledo, his successors, agents, and employees from punishing any member of the Police Department because that person had associated with a person who is homosexual.[7] Defendants moved to alter or amend this partial judgment.[8] The Court again denied the request.[9]

Plaintiffs now petition the Court to recover pursuant to 42 U.S.C. § 1988 their attorneys' fees and costs incurred in the prosecution of their Regulation 29 claim. Defendants challenge this petition and argue that Plaintiffs should not be considered prevailing parties; that the requested time and hourly rate are unreasonable; that the work done by Plaintiffs' counsel was duplicative or unnecessary; and that the amount claimed is simply not reasonable. Defendants also contest the request for costs. The Court grants Plaintiffs' petition, subject to certain modifications explained below.

## DISCUSSION

### 1. Prevailing party status

In order to qualify for attorneys' fees under 42 U.S.C. § 1988, a section 1983 plaintiff must be a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The statute provides that the district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fees ...." 42 U.S.C.A. § 1988(b) (West Supp. 2000). Although this language appears to make an award of attorneys' fees discretionary, courts have generally held that a prevailing party should be compensated

for its reasonable attorneys' fees, unless special circumstances would make such an award unjust. *Stanton v. Southern Berkshire Regional Sch. Dist.*, 197 F.3d 574, 576 (1st Cir.1999); *Williams v. Hanover Housing Auth.*, 113 F.3d 1294, 1300–01 (1st Cir.1997). Thus, the successful civil rights litigant will be presumptively entitled to an award of attorneys' fees. *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937; *Williams*, 113 F.3d at 1300–01; *Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos*, 38 F.3d 615, 618 (1st Cir.1994). The party seeking attorneys' fees must submit evidence to support the hours and rates sought. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 527 (1st Cir.1991). Withal, the attorneys' fees issue should not turn into a second round of litigation. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 12 (1st Cir.1999).

The apparently straightforward question of whether a plaintiff is a prevailing party is often fraught with complexity. The Supreme Court has styled prevailing party status as having a "generous formulation." *See Farrar*, 506 U.S. at 109, 113 S.Ct. at 572 (quoting *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939 (internal quotations omitted)). A plaintiff must obtain at least some relief on her claim in order to qualify as a prevailing party. *Id.* at 111, 113 S.Ct. at 573. For a plaintiff to be a prevailing party, there must be a judgment enforceable against the defendant or some other comparable relief, through a settlement or consent decree. *Id.* There must be some resolution of the dispute which changes the legal relationship between plaintiff and defendant. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). The plaintiff will have prevailed if the "actual relief on the merits of his claim

---

**6.** Docket no. 227.

**7.** Docket nos. 235 & 236.

**8.** Docket no. 239.

**9.** Docket no. 263.

materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–12, 113 S.Ct. at 573. Put another way, the plaintiff must win "significant practical relief favorable to its position." *Stanton*, 197 F.3d at 576–77.

■ In the present case, the first cause of action in Plaintiffs' amended complaint was a request to have Regulation 29 declared unconstitutional on First Amendment and equal protection grounds.[10] Plaintiffs were successful in achieving the result sought in this cause of action. The Court granted declaratory relief declaring the regulation unconstitutional. Later, it permanently enjoined Defendants from punishing any member of the Police Department because that person had associated with a person who is homosexual. Thus, Plaintiffs would appear to be prevailing parties on this matter.

■ Defendants argue, however, that Plaintiffs' victory on this issue was merely a technical one and that therefore Plaintiffs should not be granted prevailing party status. A party's success on a claim may be so *de minimis* or insignificant that prevailing party status will not be justified. *Garland*, 489 U.S. at 792, 109 S.Ct. at 1493; *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir.1997). Defendants argue that because no Puerto Rico police officer was ever disciplined under Regulation 29, the striking down of the rule was a purely technical victory.

The Court disagrees. The Court's ruling did alter the legal relationship between the parties in this case. The Court has enjoined Defendants and their successors from ever disciplining a police officer for associating with a homosexual person. As the Court stated in its opinion and order on Regulation 29, Plaintiff GOAL is an organization whose membership is primarily made up of gay law enforcement officers. The group's objectives include providing support to openly gay law enforcement personnel and combating discrimination against gays.[11] There was evidence in the record that when GOAL members met with Puerto Rico police officers, they did so clandestinely in order to protect the confidentiality of the local police officers.[12] In its opinion, the Court concluded that the rule prevented GOAL from carrying out its activities.[13] The elimination of this rule will facilitate GOAL's ability to meet with Puerto Rico police officers and to promote its agenda in Puerto Rico. Local police officers may now meet with GOAL without the threat that they will be disciplined under Regulation 29 or a similar rule. Defendants are bound by the Court's permanent injunction from taking adverse measures against any police officer who attends such a meeting.

Thus, the Court's ruling materially altered the legal relationship between GOAL and Defendants in a way directly beneficial to GOAL. *See Farrar*, 506 U.S. at 111–12, 113 S.Ct. at 573. The Court declared Regulation 29 to be unconstitutional. Other courts have held that a plaintiff who successfully persuades a court to declare a statute unconstitutional is a prevailing party. *See Wyatt v. Cole*, 928 F.2d 718, 723–24 (5th Cir.1991), *rev'd on other grounds*, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); *Solomon v. City of Gainesville*, 796 F.2d 1464, 1466 (11th Cir.1986) (Plaintiff was prevailing party when he succeeded in having a city ordinance declared violative of the First Amendment); *Familias Unidas v. Briscoe*, 619 F.2d 391, 405–06 (5th Cir.1980) ("granting of declaratory relief and nominal damages, based on our having found [state statute] to be unconstitutional, adequately justifies an award of attorney's fees"); *Putnam v. Davies*, 960

---

10. Docket no. 119, at 17–18.

11. Docket no. 205, at 1, 4.

12. Docket no. 205, at 4.

13. Docket no. 205, at 13.

F.Supp. 1268, 1275–76 (S.D.Ohio 1997) ("Plaintiffs did fully prevail—the statute sought to be declared unconstitutional was so declared."), aff'd, 149 F.3d 1184 (6th Cir.1998) (Table case); Mallory v. Harkness, 923 F.Supp. 1546, 1551 (S.D.Fla. 1996) ("There is no dispute in this case that Mallory is a prevailing plaintiff. He brought suit to have Florida Statute § 43.29(1) declared unconstitutional and to procure a permanent injunction barring its enforcement and was awarded both."), aff'd, 109 F.3d 771 (11th Cir.1997) (Table case). Thus, the Court finds Plaintiffs to be the prevailing party on the Regulation 29 issue.

■ Defendants argue that in its ruling, the Court held the regulation to be unconstitutional only vis-à-vis GOAL and that therefore Ramos, Hunter, and Jeans should not be afforded prevailing party status. It is true that the Court only considered the regulation's effect on GOAL. It is also true, however, that the motion for summary judgment which the Court granted in declaring Regulation 29 unconstitutional was jointly submitted by all Plaintiffs.[14] Counsel for Plaintiffs have submitted records indicating that they all worked in varying degrees on this issue. A court should be concerned more with substance than with form in a section 1988 fees petition. Haley v. Pataki, 106 F.3d 478, 481 (2nd Cir.1997); Americans United For Separation of Church and State v. School Dist. of Grand Rapids, 835 F.2d 627, 631 (6th Cir.1987); Outdoor Systems, Inc. v. City of Merriam, Kansas, 2000 WL 575023, at *1 (D.Kan. Feb.25, 2000). In the present case, it was the objective of all

Plaintiffs to have Regulation 29 declared unconstitutional, and the record indicates that all Plaintiffs worked toward this objective. The fact that the Court reached its ruling based only on the regulation's effect on one of the Plaintiffs in no way alters the ultimate outcome of this issue. The rule was declared to be in violation of the First Amendment and a permanent injunction was entered enjoining Defendants from punishing police officers for associating with homosexuals. All Plaintiffs worked towards this ultimate objective. They were all successful in achieving it. Thus, the Court finds that all Plaintiffs shall be considered prevailing parties on this issue and all are entitled to attorneys' fees under section 1988.[15]

### 2. Computing the fees

■ Once a court determines that a party did indeed prevail, it next must determine the amount of fees to which the party is entitled. This amount is usually determined with the "lodestar" method, whereby the number of hours reasonably expended on the case is multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433, 103 S.Ct. at 1939; Coutin, 124 F.3d at 337; Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir.1992). In exceptional cases, an enhancement of this lodestar amount may be warranted.[16] Hensley, 461 U.S. at 435, 103 S.Ct. at 1940. The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541,

14. Docket no. 124.

15. Even if GOAL were the only "technical" victor on the Regulation 29 issue, the other Plaintiffs could be considered prevailing parties pursuant to the catalyst theory. Under this theory, a plaintiff will be considered to have prevailed, even absent an award or injunction, so long as the lawsuit caused the result sought by the plaintiff. Stanton, 197 F.3d at 577; Williams, 113 F.3d at 1299–1300; Pearson v. Fair, 980 F.2d 37, 44 (1st Cir.1992). In the present case, even if the

Court were to accept Defendants' argument that GOAL can be the only victor, it is clear that this lawsuit, which all Plaintiffs brought, ultimately caused the striking down of Regulation 29. Thus, all Plaintiffs are catalysts of this result and, therefore, they are all prevailing parties.

16. In the present case, Plaintiffs do not seek such an enhancement. See docket no. 244, at 13.

1547 n. 11, 79 L.Ed.2d 891 (1984); *Andrade v. Jamestown Housing Auth.*, 82 F.3d 1179, 1190 (1st Cir.1996); *Lipsett*, 975 F.2d at 937; *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir. 1988). The party seeking fees has the burden of showing that the rates being sought are comparable with those in the community. *Blum*, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11. In reaching its determination, the court may rely upon its own knowledge of attorney's fees in the community. *Andrade*, 82 F.3d at 1190.

In the present case, Judith Berkan, attorney for Plaintiff Ramos, has submitted evidence that in a recent section 1983 case where she represented the prevailing party she was awarded $225 per hour of out-of-court work and $250 per hour of in-court work.[17] For the present case, she seeks a rate of $250 for out-of-court work and $275 for in-court work. The Court recognizes that Attorney Berkan is one of the leading civil rights practitioners in this district. She has practiced with distinction in this field for years and has shown herself to be well-versed in the subject matter. The rate awarded to her in the other case in this district to which she has cited is a fair reflection of her competence in this field. The Court further finds that an increase to this rate is warranted, although not to the extent that she seeks. Berkan requests that she be allowed to charge rates $25 more than that which she charged in her last case. The Court finds this increase to be somewhat excessive. An increase of $15 is a more appropriate figure. Thus, the Court finds that Attorney Berkan be awarded a rate of $240 per hour of out-of-court work and $265 per hour of in-court work.

The other attorneys for whom Plaintiffs seek payment of fees—Suzanne Goldberg, Ruth Harlow, and Colleen Meenan—all appeared pro hac vice in this case. They now seek rates comparable to the communities in which they practice. The relevant comparison, however, is to the prevailing rates in Puerto Rico. *See Andrade*, 82 F.3d at 1190; *Lipsett*, 975 F.2d at 937. Thus, rather than examine the rates in other districts, the Court will assign them rates based on the fees of lawyers in Puerto Rico with comparable skill, experience and reputation. *See Blum*, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11. These other three attorneys all have impressive credentials in the field of civil rights litigation. With regard to Attorneys Harlow and Goldberg, their experience compares them favorably to Attorney Berkan. Thus, the Court finds that they are entitled to the same rates to which Berkan is entitled. Attorney Meenan also has done substantial work in civil rights cases. However, because she has slightly less experience than the other attorneys, the Court reduces the fee to which she is entitled to $225 for out-of-court work and $250 for in-court work.

The Court's next step in computing a reasonable fee is to determine the number of hours reasonably expended on the case. Plaintiffs have submitted the records of the four attorneys for whom they now seek fees.[18] Defendants argue that these accountings are too vague to identify time spent on the Regulation 29 issue. The fee applicant has the burden of establishing his entitlement to an award by documenting the hours expended. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. The prevailing party must submit a particularized accounting of the tasks performed, the dates performed, and the number of hours spent on each task. *Weinberger*, 925 F.2d at 527. In the present case, the Plaintiffs have submitted a chart for each attorney which lists the activity done, its date, and the amount of time that each attorney spent on it. Each activity is described in shorthand. This itemization could be more explicit, but it is sufficient to determine the nature of the activity performed. For example, one of Meenan's entries dated January 14, 1997, reads, "P/C w/ JB re

---

**17.** Docket no. 243.

**18.** Docket no. 243, ex. A; docket no. 244.

summary j." [19] This refers to a phone conversation with Attorney Berkan regarding a summary judgment motion. Because Plaintiffs have provided an adequately particularized accounting of their work, the Court denies Defendants' claim that the records are too vague.

▓▓▓ Defendants also complain that the time spent by Plaintiffs' attorneys on this work was excessive or duplicative. Plaintiffs did have more than one attorney working on this issue. Courts should view with skepticism the claim that more than one attorney was necessary to perform a single task. *Pearson*, 980 F.2d at 47. Time spent by two attorneys on the same work will not, however, be per se duplicative. *Rodriguez–Hernandez v. Miranda–Velez*, 132 F.3d 848, 860 (1st Cir.1998). The amount of legal services used by a party will often depend on the ferocity with which his adversary contests the case. *Id.* The present litigation was one case that warranted the work of more than one attorney. It presented a number of novel, complex constitutional issues. Defendants fought this case tenaciously. The record is replete with numerous motions concerning the discovery disputes that arose. Additionally, all parties submitted voluminous dispositive motions. A single attorney simply could not have adequately represented Plaintiffs on this issue, even if that attorney worked solely on the Regulation 29 issue. Accordingly, the Court finds unavailing Defendants' claims that the work of Plaintiffs' attorney was duplicative.

The Court does make one modification to the hours charged by Plaintiffs' attorneys. Their original complaint, filed on June 19, 1995, did not make a claim based on Regulation 29. This issue was not raised until Plaintiffs filed their first amended complaint.[20] It appears that this claim was developed during discovery, after the original complaint was filed.[21]

Thus, any time spent by counsel prior to the filing of the complaint would not have been for work on the Regulation 29 claim. Two of Plaintiffs' four attorneys claim for time prior to the filing of the complaint. Attorney Berkan seeks reimbursement for six hours worked prior to June 19, 1995. The Court disallows them. Attorney Meenan claims 16.825 hours worked prior to this date. The Court disallows this time also, with the exception of the five hours of research she did on standing. Although at the time Meenan may not have been doing this research with Regulation 29 in mind, the standing question was central to the resolution of this particular claim, and the Court will assume that the research she did on standing prior to the filing of the claim was relevant to the Regulation 29 issue. Thus, the Court will allow these five hours, and deduct 11.825 hours from her time claimed.

▓▓▓ Defendants also contest the fees charged by Attorney Harlow because she did not make an appearance in this case. Section 1988, however, requires only that the prevailing party's fees be reasonable; it does not require that an attorney must have made an appearance in a case in order for her fees to be reimbursable. Defendants cite to no case law on this issue, and they do not argue that Harlow failed to do the work detailed in her records. Accordingly, the Court denies Defendants' argument on this point. *Cf. Culebras Enterprises Corp. v. Rivera–Rios*, 846 F.2d 94, 101 (1st Cir.1988) (Fees of two attorneys were allowed even though defendants complained that they were unaware that the two attorneys—who had also been proposed witnesses—were acting as plaintiffs' lawyers).

▓▓▓ Defendants argue that the amounts claimed are excessive given Plaintiffs' partial success in this litigation. It is

---

19. Docket no. 244, Affirmation of Colleen M. Meenan, exhibit A.

20. Docket no. 64.

21. Docket no. 78, at 3 n. 2.

true that Plaintiffs did not succeed on some of the other causes of action that they brought in this lawsuit. If a plaintiff achieves only partial success, the product of hours spent on the litigation as a whole times a reasonable rate may be excessive. *Farrar*, 506 U.S. at 114, 113 S.Ct. at 574 (quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941). Where a plaintiff's causes of action are based on different legal theories and facts, no fees should be allowed for any unsuccessful claims which are unrelated to the successful ones. *Garland*, 489 U.S. at 789, 109 S.Ct. at 1492. The unrelated claims should be treated as though they had been brought in a separate lawsuit. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. Claims are related when they are based on related legal theories, they involve a common core of facts, or plaintiff's counsel devoted her time to the litigation as a whole, rendering it difficult to allot legal services to the differing claims. *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 43 (1st Cir. 1999) (Lipez, J., concurring) (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940).

In the present case, Plaintiffs did raise other claims arising out of a series of incidents with the Puerto Rico police officers. In their petition for fees, they are not claiming for the legal work done on these other claims; they seek reimbursement only for the work done on the Regulation 29 issue. The factual pattern of the Regulation 29 claim was distinct from the other issues. Where the work done was directed solely to the Regulation 29 issue, Plaintiffs have claimed full time for the legal work. There was certainly some overlap in the legal theories of all of Plaintiffs' claims. For those legal tasks which were applicable to Plaintiffs' other causes of action, as well as to Regulation 29, their attorneys do not claim the full time worked. Instead, they ask for 25 percent of the time spent on these overlapping tasks. This approach strikes the Court as eminently reasonable. Some of the tasks claimed, especially legal research, cannot readily be divided up among the claims. It would simply be impossible, for example, to define with precision what percentage of legal research on subjects such as the First Amendment or standing should be allocated to each of the claims. Some of this research may have been done with an eye towards Plaintiffs' other claims. However, this work was also essential to the resolution of the Regulation 29 issue, and Plaintiffs are entitled to some compensation for it. Reimbursement for 25 percent of this overlapping work is hardly excessive.[22]

██ Defendants complain that the amount Plaintiffs are claiming is unreasonable. The most critical factor in considering the reasonableness of an award for fees is the degree of a party's success. *Farrar*, 506 U.S. at 114, 113 S.Ct. at 574; *Garland*, 489 U.S. at 789, 109 S.Ct. at 1492; *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941. As discussed above, Plaintiffs succeeded completely on their claim regarding Regulation 29. Congress intended that a prevailing party receive attorney compensation in "virtually all cases involving successful civil rights claims." *Coutin*, 124 F.3d at 341 (citing legislative history). This case involved a successful constitutional claim brought pursuant to section 1983. Thus, Plaintiffs are entitled to a fee award.

Based on the above, the Court awards the following fees:

*a. Judith Berkan*

Attorney Berkan claims 99.1325 hours of out-of-court work and 1.112 hours of in

---

22. In their petition, Plaintiffs also state that they are not seeking fees for the work done by four other attorneys and a paralegal on this case. Docket no. 244, at 6. Additionally, they state that no enhancement to the lodestar is necessary. Docket no. 244, at 13. Their voluntarily waiving these potential claims for legal work that could have increased the amount of fees to which they might have been entitled further enhances the reasonableness of Plaintiffs' requests.

court work. As stated above, the Court deducts six hours of her out-of-court time, for a total of 93.1325 hours. Thus, she is entitled to the following:

| | | | |
|---|---|---|---|
| Out-of-court work | 93.1325 hrs. × $240/hour | = | $22,351.80 |
| In-court work | 1.112 hrs. × $265/hour | = | $294.68 |
| TOTAL | | | $22,646.48 |

#### b. Suzanne Goldberg

Attorney Goldberg claims 378.5 hours of out-of-court work. Thus, she is entitled to the following:

| | | | |
|---|---|---|---|
| Out-of-court work | 378.5 hrs. × $240/hour | = | $90,840.00 |

#### c. Ruth Harlow

Attorney Harlow claims 123.45 hours of out-of-court work. Thus, she is entitled to the following:

| | | | |
|---|---|---|---|
| Out-of-court work | 123.45 hrs. × $240/hour | = | $29,628.00 |

#### d. Colleen Meenan

Attorney Meenan claims 236 hours of out-of-court work. As stated above, the Court deducts 11.825 hours of her out-of-court time, for a total of 224.175 hours. Thus, she is entitled to the following:

| | | | |
|---|---|---|---|
| Out-of-court work | 224.175 hrs. × $225/hour | = | $50,439.38 |

### 3. Costs

 Plaintiffs also request reimbursement for costs incurred by Attorneys Meenan and Goldberg. Under section 1988, successful civil rights plaintiffs are entitled to certain expenses which are customarily billed by attorneys to their clients. *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2nd Cir.1998); *Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1225 (3rd Cir.1995); *Harris v. Marhoefer,* 24 F.3d 16, 19–20 (9th Cir.1994); *Boston and Maine Corp. v. Moore,* 776 F.2d 2, 11 (1st Cir.1985); *Palmigiano v. Garrahy,* 707 F.2d 636, 637 (1st Cir.1983); *Alfonso v. Aufiero,* 66 F.Supp.2d 183, 201 (D.Mass. 1999). These expenses may exceed the normal taxable costs. *Harris,* 24 F.3d at 20. The categories of expenses that will be recoverable under section 1988 include travel, *Abrams,* 50 F.3d at 1225; *Associated Builders & Contractors v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 380 (5th Cir. 1990); photocopies, *Abrams,* 50 F.3d at 1225; *Associated Builders,* 919 F.2d at 380; lodging *Harris,* 24 F.3d at 19–20;

*Palmigiano,* 707 F.2d at 637; postage, *Harris,* 24 F.3d at 19–20; *Alfonso,* 66 F.Supp.2d at 201–02; telephone calls, *Abrams,* 50 F.3d at 1225; *Moore,* 776 F.2d at 11; *Palmigiano,* 707 F.2d at 637; and computerized research, *see Standley v. Chilhowee R–IV Sch. Dist.,* 5 F.3d 319, 325 & n. 7 (8th Cir.1993); *Cleveland Area Bd. of Realtors v. City of Euclid,* 965 F.Supp. 1017, 1023 (N.D.Ohio 1997).

Because Plaintiffs prevailed and are entitled to costs under section 1988, the Court makes the following awards:

#### a. Colleen Meenan

Attorney Meenan claims $4,673.71 in costs for photocopies; postage and delivery services; travel, meals, and lodging; and telephone calls. The categories of expenses which she claims are generally recoverable under section 1988. The Court finds, however, that certain modifications are in order. First, she claims $300 for the non-resident bond filed in this case pursuant to Local Rule 304. The Court denies this request. The regular practice in this district is that, after a case has been resolved, the plaintiff files a motion for the return of the bond. The Court shall issue a separate order that the Clerk return the bond to Meenan.

Meenan provides a general list of her expenses, accompanied by photocopies of receipts. She does not, however, provide detailed explanations for these expenses. *See Hensley,* 461 U.S. at 433, 437, 103 S.Ct. at 1939, 1941 (requiring adequate documentation to allow the court to identify the amounts claimed); *Weinberger,* 925 F.2d at 527. Because proper documentation is lacking, the Court makes the following modifications. In a list of her expenses, Meenan has five entries entitled "Meals" totaling $699.52, presumably for her meals during the time she came to Puerto Rico for this case. She has submitted what appear to be receipts from twelve restaurants. The Court finds the amount claimed to be excessive—$699.52 for twelve meals is an average of over $58 per

meal. Twenty-five dollars per meal is a more reasonable amount. Twelve meals thus would cost $300. The Court deducts $399.52 from the amount she is claiming for meals.

Meenan's list includes three entries for phone calls. Two of them are for $325; both entries are unsupported by receipts. Thus, the Court disallows them. She also claims phone calls as part of a hotel bill at the Condado Beach Trio which totaled $379.00. Fifty-eight dollars of that bill were for phone calls. Meenan has proffered no explanation why calls from a hotel were necessary to this litigation. Thus, the Court disallows them as well. The Court deducts a total of $708 in phone call expenses.

The Court allows all of Meenan's other expenses. She claimed a total of $4,673.71. From this amount, the Court deducts $300 for the bond, $399.52 for meals, and $708 for phone calls, for a total deduction of $1,407.52. She is therefore entitled to $3,266.19 in costs.

### b. *Suzanne Goldberg*

■ Attorney Goldberg claims $16,-621.21 in costs for photocopies, computerized research, delivery services, travel expenses, depositions, and fees for three experts. The experts prepared reports that were used in the motion for summary judgment on the Regulation 29 issue.[23] Their fees total $6,100. For expert fees to be reimbursable, there must be explicit statutory authority so allowing. *West Virginia Univ. Hospitals v. Casey,* 499 U.S. 83, 87, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991). In *Casey,* the Supreme Court concluded that section 1988 did not provide for expert fees to the prevailing party. *Id.* at 102, 111 S.Ct. at 1148. Following the *Casey* decision, Congress amended section 1988 to permit the recovery of expert fees in certain cases. *See* Civil Rights Act of 1991, Pub.L.No. 102–166, 105 Stat. 1071, 1079

(codified at 42 U.S.C. § 1988(c)). The new amendment provides that a court awarding attorney's fees under section 1988 "in any action or proceeding to enforce a provision of section 1981 or 1981a ... in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c). This allowance of expert fees is limited, however, to claims brought pursuant to 42 U.S.C. §§ 1981 or 1981a. *Wyatt ex rel. Rawlins v. Sawyer,* 67 F.Supp.2d 1331, 1356 (M.D.Ala.1999); *Rural Water Sys. No. 1 v. Sioux Center, Ia.,* 38 F.Supp.2d 1057, 1062 (N.D.Iowa 1999); *Dillard v. City of Greensboro,* 34 F.Supp.2d 1330, 1347 n. 27 (M.D.Ala. 1999), *vacated on other grounds,* 213 F.3d 1347 (11th Cir.2000); *McLaughlin by McLaughlin v. Boston Sch. Comm.,* 976 F.Supp. 53, 69 (D.Mass.1997). Plaintiffs brought their Regulation 29 claim pursuant to section 1983, not sections 1981 or 1981a. Thus, they may not obtain compensation of their expert fees under section 1988.

■ Plaintiffs also seek costs under 28 U.S.C. § 1920, the general provision for taxation of costs. Section 1920 does not, however, allow for expert fees in excess of the amount set in 28 U.S.C. § 1821(b). *Casey,* 499 U.S. at 86–87, 111 S.Ct. at 1140–41; *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444–45, 107 S.Ct. 2494, 2498–99, 96 L.Ed.2d 385 (1987); *United States v. Davis,* 87 F.Supp.2d 82, 91 (D.R.I.2000). Sections 1821(b) allows a fee of forty dollars per each day of testimony. 28 U.S.C.A. § 1821(b) (West 1994); *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.,* 193 F.R.D. 26, —— – ——, 2000 WL 432454, at *7–8 (D.P.R.2000). There was no trial in this case, and there is no indication in the record that any of Plaintiffs' experts were ever deposed. Thus, Plaintiffs are not entitled to the section 1821(b) witness fee for their experts. The Court therefore denies the request for compensation of the $6,100 in expert fees that Goldberg claims. The

---

**23.** Docket no. 133, exhibits A, B, C.

Court allows all her other expenses. Thus, she is entitled to $10,521.21 in costs.

In conclusion, the Court makes the following awards of fees and costs:

| Judith Berkan | $22,646.48 in attorney's fees |
| Suzanne Goldberg | $90,840.00 in attorney's fees plus $10,521.21 in costs. |
| Ruth Harlow | $29,628.00 in attorney's fees |
| Colleen Meenan | $50,439.38 in attorney's fees plus $3,266.19 in costs. |

WHEREFORE, the Court hereby grants, subject to the modifications set forth above, Plaintiffs' motion for attorneys' fees and costs (docket no. 244).

**IT IS SO ORDERED.**